[No. C.D. 4891.     En Banc.     March 4, 1971.]

*In the Matter of the Disciplinary Proceeding Against*
MILTON T. SLATER, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

WRIGHT, J.—Milton T. Slater was admitted to the practice of law on September 9, 1958. Thereafter he resided and practiced law in Snohomish County. In 1963, he embarked upon the course of conduct which has led to these proceedings.

At the direction of the Board of Governors of the Washington State Bar Association, disciplinary proceedings were commenced against Mr. Slater on August 26, 1968. The original complaint set forth three items. This complaint was amended on December 26, 1968, to add a fourth item. Mr. Slater was present and represented by counsel at the hearing. The hearing panel found the facts to be substantially as alleged in all four items of the amended complaint.

*Reported in 481 P.2d 564.

The items of the amended complaint may be summarized as follows:

(1) In February of 1963, Mr. Slater was attorney for Mrs. Eathel Thayer. Mrs. Thayer wanted to sell certain waterfront property in Edmonds, Washington, for at least $100,000. Later, Mr. Slater told Mrs. Thayer he had several buyers for the property. At this time Mrs. Thayer signed an option which was in fact invalid. On July 23, 1963, the City of Edmonds decided to buy the waterfront property for $125,000. Mr. Slater told Mrs. Thayer that $15,000 was needed to buy back the option. Actually, $4,700 was spent by Mr. Slater on valid expenses. The remaining $10,300 was kept by Mr. Slater and reported as income on his 1963 tax report. In addition to the $10,300, Mr. Slater collected a fee of $3,000 for selling the property.

(2) In February of 1963, Mr. Slater was representing Mrs. Lila Paddock in the probate of her deceased husband's estate. Mr. Slater also aided Mrs. Paddock in her application for appointment as guardian for her two minor children, one of whom was Nanette Paddock. Mr. Slater induced Nanette, whose married name was Safford, to invest $10,000 in Marine View Fisheries, Inc. Mr. Slater actually put the money in Marine View, Inc. and not in Marine View Fisheries, Inc. At the time, Mr. Slater was the president of both of these corporations. Mr. Slater also induced Mrs. Paddock to invest $8,750 in Marine View Fisheries, Inc. The $8,750 was deposited in the personal bank account of Mr. Slater, not Marine View Fisheries. Marine View Fisheries, Inc., became insolvent on July 2, 1968.

(3) In August of 1966, Mr. Slater, while acting as attorney for Marine View Fisheries, Inc., drew a check on the company's bank account in the amount of $3,000 for attorney's fees. Only $1,000 was actually paid for attorney's fees. Mr. Slater appropriated the other $2,000 for his own personal use.

(4) In March, 1964, Mr. Slater was consulted as an attorney by the Richard Johnsons. Mr. Slater was to commence an action to collect the balance owing on an overdue promissory note for $8,000, plus interest. Mr. Slater

collected part of the $8,000 and this was remitted to the Johnsons. The note was secured by a mortgage on a buyer's interest in certain property. The buyer lost his interest and the Johnsons their mortgage. There was no personal service in the foreclosure proceeding upon either Johnson or Slater. There was service by publication. Mr. Slater completely reimbursed the Johnsons for their loss on the note.

As an affirmative defense, Mr. Slater claimed mental incompetency at the time the items in the complaint occurred. However, the burden of proving mental incompetency is upon the defendant. There has been a complete failure to meet this burden of proof.

Mr. Slater's conduct displayed in items (1), (2) and (3) is in violation of his oath and duties as an attorney under DRA 1.1(c). His acts and omissions involve moral turpitude, dishonesty, and corruption in violation of DRA 1.1(a) and 1.1(j), and CPE 6 and 11. The hearing panel and the Board of Governors have recommended that Mr. Slater be disbarred. We agree. Items (1), (2) and (3) being sufficient grounds in themselves for disbarment, it is unnecessary to pass upon the fourth item of the complaint.

Milton T. Slater is hereby disbarred from the practice of law in this state. The clerk of the court is directed to strike his name from the roll of practicing attorneys.

We find the statement of costs as filed with the clerk to be reasonable. The amount thereof is hereby fixed and settled. DRA 7.

ALL CONCUR.